# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| JENNIFER MUGAN ) | |
| ) | **COMPLAINT** |
| Plaintiff, ) | |
| v. ) | Case No.: 6:22-cv-62 |
| ) | |
| PARAMOUNT RECOVERY ) | |
| SYSTEMS, L.P. ) | **JURY TRIAL DEMANDED** |
| ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff Jennifer Mugan, by and through the undersigned counsel, and for her Complaint against Defendant, Paramount Recovery Systems, L.P. ("PRS") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

## JURISDICTION AND VENUE

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the Defendant is incorporated and has its principal place of business here.

3. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

4. Plaintiff resides in the city of Kissimmee, a part of Osceola County, Florida, 34741.

5. Defendant, a Texas corporation headquartered in Waco, Texas practices as a debt collector throughout the country.

6. As Defendant is incorporated and domiciled in this state, jurisdiction is proper.

1

**STANDING**

7. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

8. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1544 (2016), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); Bellwood v. Dwivedi, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

9. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" Lane v. Bayview Loan Servicing, LLC, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016)(quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See id. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also Church v. Accretive Health, Inc., No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

10. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." Lane, 2016 WL 3671467 at *4.

**PARTIES**

11. Plaintiff, Jennifer Mugan, (hereafter "Plaintiff"), is a natural person currently residing in the State of Florida.

12. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

13. Defendant, PRS, Texas company engaged in the business of collecting debts, using mails and telephone in this state with its principal place of business located at 7524 Bosque Blvd., Suite L, Waco, Texas 76712.

14. Defendant is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

15. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

## FACTUAL ALLEGATIONS

16. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

17. On a date better known by Defendant, Defendant began to attempt collection activities on Plaintiff's alleged debt.

18. On or about August 6, 2021, Plaintiff had a telephone conversation with Defendant regarding an alleged debt allegedly owed by Plaintiff.

19. The debt was said to be allegedly owed for a medical bill, and therefore would only have been used for personal or family purposes.

20. The alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The telephone call is a "communication" as defined by 15 U.S.C. § 1692a(2).

22. During the telephone call, Plaintiff stated that her insurance covered the bill, thus the balance was incorrect.

23. Defendant should have accepted the dispute at that point and ended the call.

24. Instead, Defendant's representative told Plaintiff that she would need to contact her health insurance carrier regarding the debt owed.

25. Plaintiff is under absolutely no obligation to consult with or inform any other party of her dispute.

26. Plaintiff may dispute directly with the third-party debt collector, who is in this case, Defendant.

27. Defendant attempted to create extra hurdles for Plaintiff and attempted to dissuade her from disputing an account she clearly did not feel that she owed.

28. Defendant knew, or should have known, that the above statements were false, misleading, and harassing in nature.

29. Upon information and belief, Defendant knew Plaintiff had already done all that was required to dispute the alleged debt, yet intentionally told her she must include additional steps to coerce her into foregoing her dispute.

30. All of Defendant's actions complained of herein occurred within one year of the date of this Complaint.

31. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to the loss of time incurred by Plaintiff as well as attorneys' fees paid for advice regarding her situation.

32. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

33. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

34. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

35. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

36. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, Goswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.") See Also, Goswami, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

**COUNT I: Violations Of § 1692e Of The FDCPA – False Representation Of The Character, Amount, or Legal Status of The Alleged Debt**

37. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

38. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt, including, but not limited to, the false representation of the character, amount, or legal status of any debt. See, 15 U.S.C. § 1692e(2).

39. Defendant used false representations or deceptive means to collect or attempt to collect a debt or obtain information concerning the Plaintiff, in violation of 15 U.S.C. § 1692e(10).

40. Defendant's collection efforts only serve to confuse and mislead the consumer.

41. Defendant's collection efforts were materially false, misleading, and deceptive.

42. Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Jennifer Mugan, prays that this Court:

A. Declare that PRS's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Jennifer Mugan and against PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

### COUNT II: Violations Of § 1692d Of The FDCPA – Harassment or Abuse, False or Misleading Representation

43. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

44. Section 1692d prohibits any debt collector from engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

45. PRS's communications with Plaintiff were meant to shame, embarrass, and harass Plaintiff by misrepresenting the alleged debts status.

46. PRS's violation of § 1692d of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Mugan, prays that this Court:

A. Declare that PRS's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Jennifer Mugan, and against PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

### COUNT III: Violations Of § 1692f Of The FDCPA –Unfair Practices

47. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

48. Section 1692f prohibits the use of unfair and unconscionable means to collect a debt.

49. PRS's communications with Plaintiff were deceptive and misleading.

50. PRS used unfair and unconscionable means to attempt to collect the alleged debt.

51. PRS's violation of § 1692f of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jennifer Mugan prays that this Court:

A. Declare that PRS's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Jennifer Mugan, and against PRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## JURY DEMAND

52. Plaintiff demands a trial by jury on all Counts so triable.

Dated: January 17, 2022

Respectfully Submitted,

**HALVORSEN KLOTE**

By: /s/ Joel S. Halvorsen

Joel S. Halvorsen, #67032
680 Craig Road, Suite 104
St. Louis, MO 63141
P: (314) 451-1314
F: (314) 787-4323
joel@hklawstl.com
*Attorney for Plaintiff*